Filed 4/9/21  P. v. Pruitt CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C091888 |
| Plaintiff and Respondent, | (Super. Ct. No. 19CF08124) |
| v. | |
| MICHAEL EUGENE PRUITT, | |
| Defendant and Appellant. | |

Appointed counsel for defendant, Michael Eugene Pruitt, filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We find no arguable error that would result in a disposition more favorable to defendant and affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

## FACTS AND PROCEDURAL HISTORY

Defendant was charged with injuring a dating partner (Pen. Code, § 273.5, subd. (a); statutory section references that follow are to the Penal Code), assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)), false imprisonment (§ 236), resisting a peace officer (§ 148, subd. (a)(1)), and violation of an emergency protective order (§ 273.6, subd. (a)). Defendant pleaded guilty to the assault by means of force likely to produce great bodily injury count and the resisting a peace officer count. The trial court dismissed the remaining charges.

The parties agreed the factual basis for the plea could be drawn from the probation report, which explained defendant had argued with the victim, whom he had been dating, then "strangled her causing her to lose the ability to breathe for approximately five seconds." In another incident, defendant pushed the victim and struck her in the face two times, then trapped her in a motorhome overnight. When deputies arrested defendant, he struggled, causing a deputy to fall and injure himself.

At the sentencing hearing, the court sentenced defendant to the upper term of four years for the assault conviction, with a one-year term for the resisting a peace officer conviction to run concurrently. The court imposed a restitution fine of $300 (§ 1202.4, subd. (b)) and a $300 parole revocation fine, which it suspended pending parole revocation (§ 1202.45). The court also imposed a $40 court operations assessment (§ 1465.8) and $30 conviction assessment (Gov. Code, § 70373) for each conviction. The court waived the presentence investigation report and public defender fees, citing defendant's ability to pay. Defendant appealed, indicating he would be challenging issues unrelated to the validity of the plea.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there

2

are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  More than 30 days have elapsed, and defendant has not filed a supplemental brief.  Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.  Accordingly, we affirm the judgment.

DISPOSITION

The judgment is affirmed.

_____

HULL, Acting P. J.

We concur:

_____

MAURO, J.

_____

HOCH, J.